USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3-15-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARK EDWARDS,                              :
                      Plaintiff,           :       11 Civ. 9134 (ALC)
                                           :
       -against-                           :       **OPINION AND ORDER**
                                           :
LIEUTENANT MEJIA, C.O. C. FIGUEROA,        :
C.O. VALENTINE, and C.O. NORFLEET,         :
[In their individual and official capacities]
                                           :
                      Defendants.          :
                                           :
------------------------------------------------------------X

**ANDREW L. CARTER, United States District Judge:**

       Defendants bring this motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P.

12(b)(6) citing that Plaintiff, a prison inmate fails to state a claim under §1983, that the Eleventh

Amendment bars claims against Defendants in their official capacity, and that, even if Plaintiff's

constitutional rights were violated, Defendants are entitled to qualified immunity.  For the

reasons discussed below, the motion to dismiss is GRANTED.

## BACKGROUND

       On May 2, 2012, Mark Edwards ("Edwards" or "Plaintiff"), currently incarcerated, filed

the present action *pro se* under 28 U.S.C. § 1983 against Defendants Lieutenant Mejia,

Correctional Officer ("C.O.") Figueroa, C.O. Valentine and C.O. Norfleet (collectively,

"Defendants").  On June 8, 2011, Edwards was issued a misbehavior report alleging, among

other things, that he stalked Defendant Figueroa at specific dates and times.  Opp. at 2.  That

report was the basis for the disciplinary hearing held on June 20, 2011.  Compl. at 1.  However,

Edwards alleges that he was denied due process at the hearing because Defendant Mejia, the

hearing officer, was not impartial due to his friendship with Figueroa, who filed the disciplinary

report against Plaintiff.  Edwards alleges that Mejia acknowledged on the record that "he had known C.O. Figueroa for 15 years—as a friend—and that he didn't believe that his friend would ever issue a false report." *Id.* at 2.  Then, to hide evidence of his partiality, Mejia knowingly destroyed the tape of the disciplinary proceeding.  *Id.*  At the hearing, Plaintiff's evidence included testimony from two witnesses, facility attendance records but was denied the opportunity to enter video evidence of the prison yard.  *Id.*  In addition, Plaintiff alleges that Valentine and Norfleet gave testimony that contradicted his witnesses because they were in a conspiracy "for the sole purpose of covering up C.O. Figueroa's false report and to ensure that plaintiff would suffer for things that they knew he did not do." *Id.* at 3.

After his hearing, Plaintiff's property was taken from him and he was sentenced to 103 days in solitary confinement in the special housing unit ("SHU").  *Id.* at 1.  During his stint in SHU, Plaintiff alleges inadequate air ventilation in the cell causing difficulty breathing when temperatures rose.  *Id.* at 3.  Afterward, he was transferred to another facility, Clinton Correctional Facility in Dannemora, New York, where he remains.  Plaintiff seeks injunctive relief in an order suspending and/or terminating Defendants' employment and unspecified monetary compensation.  *Id.* at 4.

## DISCUSSION

A.  Standard of Review on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim has facial plausibility "when the

plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, the court will accept the plaintiff's allegations as true, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), and must "draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). However, the court need not accept allegations that are merely conclusions of law. *Kassner*, 496 F.3d at 237 (complaint inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action"). Therefore, on a motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." *Fernandez*, 471 F.3d at 51 (internal quotation marks and citation omitted).

Dismissal for failure to state claim on which relief could be granted is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996). A pleading alleging civil rights violations that is challenged by a motion to dismiss should be liberally construed with a view to achieving substantial justice. *See, e.g.*, *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001) (citations omitted). This is especially so when filed by a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Elliott v. Bronson,* 872 F.2d 20, 21 (2d Cir. 1989) ("[C]ourts must construe *pro se* complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel.").

B. Procedural Due Process Rights

To determine if Plaintiff states a claim for procedural due process violations, the Court determines whether the plaintiff had a protected liberty interest and, if so, whether the

deprivation of that liberty interest occurred without due process of law. *Tellier v. Fields*, 280

F.3d 69, 79-80 (2d Cir. 2000). A protected liberty interest is only established if the deprivation

imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life, *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995), and if the state

has created the liberty interest by statute or regulation." *Sealey v. Giltner*, 116 F.3d 47, 52 (2d

Cir. 1997) (citing *Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir. 1996) (*per curiam*)).

      1.  <u>Whether Plaintiff Has A Protected Liberty Interest</u>

      Confiscation of property based on his guilty disposition does not constitute a

constitutional violation or suffice to state a liberty interest. *See Hudson v. Palmer,* 468 U.S. 517,

533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (even "an unauthorized intentional confiscation of

an inmate's property . . . does not constitute a violation of procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the

loss is available"); *Green v. Niles*, 11 Civ. 1349 (PAE), 2012 WL 987473, at *6 (S.D.N.Y.

March 23, 2012) (in New York, post-deprivation remedies, such as N.Y. Comp. Codes R. &

Regs. tit. 7, § 1700.3(b)(4), are available). Neither does relocation to another facility. *Tinsley v.

Goord*, 05 Civ. 3921 (NRB), 2006 WL 2707324, *5 (S.D.N.Y. Sept. 20, 2006) (transfer of a

prisoner from one institution to another does not invoke the protection of the Due Process

Clause, even when transfer is to a less desirable facility).

      Thus, of all of Plaintiffs' allegations of due process violations, only his allegation that he

was sentenced to serve 103 days in solitary confinement arguably constitutes a protected liberty

interest. As Defendants recognize, there is a gray area about whether more than 101 days spent

in a segregated housing unit constitutes atypical and significant hardship. *See Sandin*, 515 U.S.

at 485; *Sealey*, 197 F.3d at 578 (*Sandin* standard not met by plaintiff who served 101 days in

SHU); *Colon v. Howard*, 215 F.3d 227, 232 (2d Cir. 2000) (urging development of detailed record for cases challenging SHU confinements between 101 days and 305 days, the number of days that establish "a sufficient departure from the ordinary incidents of prison life to require procedural due process protections").

Edwards alleges that he was sentenced to 103 days in SHU, but does not specify the number of days actually served.[1] He alleges medical problems because he had difficulty breathing in the cell without adequate air ventilation. Compl. at 3. He also alleges physical and psychological anguish. *Id.* These allegations suffice to state a claim of atypical and significant hardship under *Sandin*. Finally, New York state law creates a liberty interest in freedom from SHU confinement. *Palmer v. Richards*, 364 F.3d 60, 64 n.2 (2d Cir. 2004) (citing *Welch v. Bartlett*, 196 F.3d 389, 394 n. 4 (2d Cir. 1999)). Plaintiff has at least alleged a liberty interest for his time spent in solitary confinement.

### 2. Whether Deprivation Was Without Due Process of Law

Because Plaintiff has stated a valid liberty interest, we must now determine whether he was denied due process in being so deprived. *Tellier*, 280 F.3d at 79-80.

A prisoner's right to due process is not the same as full due process rights in a criminal prosecution. *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996) ("It is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts."). While "prisoners do not shed all constitutional rights at the prison gate. . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and

---

[1] The number of days served may actually be the relevant factor in determining atypical and significant hardship. *See Colon*, 215 F.3d at 231 n.4; *Sealey*, 197 F.3d at 587.

rights, a retraction justified by the considerations underlying our penal system." *Sandin*, 515 U.S. at 485 (internal citations, alterations and quotation marks omitted).

Within the disciplinary hearing, the threshold for establishing that a prisoner's due process right has been met is low. *See, e.g.*, *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 2774-75, 86 L.Ed.2d 356 (1985) ("requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits") (emphasis added); *Johnson v. Goord*, 487 F.Supp.2d 377, 382 (S.D.N.Y. 2007) ("The standard for *sufficiency* of the evidence continues to be the "some evidence" standard set forth in *Hill.*") (emphasis in original). Even so, "an impartial decisionmaker is one who, *inter alia,* does not prejudge the evidence and who cannot say. . . how he would assess evidence he has not yet seen." *Patterson v. Coughlin*, 905 F.2d 564, 569-70 (2d Cir. 1990).

   a. Friendship With Disciplining Officer: Defendant Mejia

Edwards alleges that Mejia declared his bias as friends with Figueroa, the citing officer, and did not believe she would lie. Plaintiff further alleges that Defendant Mejia attempted to cover his tracks by destroying the tape of the hearing. While such allegations might in some instances prevent disposition on the papers, *see Palmer*, 364 F.3d at 62-63, Plaintiff must first establish that Defendant's misdeed was a violation of due process. He cannot do so.

Edwards cannot sufficiently allege that his right to a fair and impartial hearing officer was violated just because Mejia was friends with Figueroa. "Because of the special characteristics of the prison environment, it is permissible for the impartiality of such officials to be encumbered by various conflicts of interest that, in other contexts, would be adjudged of sufficient magnitude to violate due process." *Scott v. Coughlin*, 78 F. Supp. 2d 299, 315-316 (S.D.N.Y. 2000) (quoting *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989)). Therefore,

Mejia's friendship with Figueroa does not necessarily indicate that Edwards's due process rights were violated. *See id.* Any purportedly destroyed evidence memorializing the friendship will not substantiate his claim because it would only reflect a scenario that we have already ruled did not violate Edwards's due process rights. Furthermore, Plaintiff acknowledges that he was allowed to call and question two witnesses. *See Johnson v. Doling*, No. 9:05-CV-376 (TJM/RFT), 2007 WL 3046701 (N.D.N.Y. Oct. 17, 2007) (where "Plaintiff was provided the opportunity to testify, call and question witnesses . . . [d]isagreement with rulings made by a hearing officer does not constitute bias"). Thus, Plaintiff fails to show that his deprivation was due to a violation of due process. His claims against Mejia must be dismissed.

b. False Accusation: Defendant Figueroa

A prisoner has no general constitutional right to be free from being falsely accused in a misbehavior report. *See Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986); *Greaves v. New York*, 958 F. Supp. 142, 144 (S.D.N.Y. 1997) ("[T]he failure to conduct a constitutionally adequate disciplinary hearing may give rise to a Section 1983 action, but the mere filing of a false misbehavior report against an inmate does not."). There must be more, such as retaliation against the prisoner for exercising a constitutional right. *See Franco v. Kelly,* 854 F.2d 584, 588-90 (2d Cir. 1988). The only constitutional right that could serve as the basis for this argument is the hearing itself, *i.e.* that the false report was lodged as retaliation for having the hearing. However, this does not make sense logically because the hearing was the result of the disciplinary report, not the cause of it. Thus, the claim that Defendant Figueroa filed a false report does not state a claim. Because it is the only claim against her, Defendant Figueroa must be dismissed as a defendant.

c. Conspiracy: Defendants Valentine and Norfleet

Edwards's claim that Valentine and Norfleet gave false testimony and thus conspired with Defendant Figueroa who filed the disciplinary report might be construed as an attack on the hearing, *see Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997), and thus an infringement of his constitutional right. However, Edwards does not state a factual basis for this conspiracy claim. His only basis for arguing a conspiracy is that Valentine and Norfleet contradicted his witnesses' account of the events. But such is the nature of the adversarial system; it is not a sufficient basis for a conspiracy claim. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam). Because Plaintiff's conspiracy allegations do not state a claim and are the only basis for suit against Valentine and Norfleet, they must be dismissed as defendants.

Because we have determined that Plaintiff fails to state a claim for deprivation of due process against any of the Defendants, we need not consider Defendants' Eleventh Amendment and qualified immunity arguments.

CONCLUSION

The Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED and the Complaint is DISMISSED in its entirety. The Clerk of Court is respectfully directed to close this case and to enter judgment in accordance with this Order.


SO ORDERED.


Dated:          March 15, 2013
                New York, New York

8

_____
United States District Judge